IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| SARAH T.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 5:19-cv-00026 |
| | ) |
| ANDREW SAUL, Commissioner, Social | ) By: Elizabeth K. Dillon |
| Security Administration, | ) United States District Judge |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Sarah T. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying her application for disability insurance benefits under the Social Security Act. Both parties moved for summary judgment, and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Joel C. Hoppe for a report and recommendation (R&R). On July 6, 2020, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 33.) Sarah filed a timely objection on July 20, 2020. (Pl.'s Obj., Dkt. No. 34.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary judgment, deny Sarah's motion for summary judgment, and affirm the Commissioner's decision.

I.  BACKGROUND

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

The court adopts the recitation of facts and procedural background as set forth in the report and recommendation. (*See* R&R 3–12.)

## II. DISCUSSION

### A. Standard of Review

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (alterations in original) (citations omitted).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).

## B.  Sarah T.'s Objections

In her brief to the magistrate judge in support of summary judgment, Sarah argued that the ALJ did not properly consider her left shoulder impairment in reaching his residual functional capacity (RFC) finding (Mot. Summ. J. 13–15, Dkt. No. 18); that the ALJ did not properly consider her obesity when assessing her RFC (*id.* at 15–19); and that the ALJ's assessment of her subjective allegations was not supported by substantial evidence (*id.* at 19–23). Sarah's objections to the magistrate judge's R&R largely restate those arguments. (*See* Pl.'s

Obj. 1–2 ("The [R&R] erroneously concludes that the evidence of record supports the ALJ's determination that plaintiff did not have any greater functional limitations related to her left shoulder than provided for in the RFC findings."); *id.* at 3 (arguing that the R&R erred in finding that the ALJ properly considered the effect of Sarah's obesity "merely because the ALJ stated he did so in his decision"); *id.* at 3–5 (contesting the magistrate judge's finding that substantial evidence supports the ALJ's analysis and conclusion regarding Sarah's subjective allegations).) The court will not address arguments, such as the foregoing, that were thoroughly explored by the magistrate judge because the court finds that the magistrate judge and the ALJ applied the proper legal standards and substantial evidence supports the ALJ's analysis.

The court will, however, address one of the more specific objections Sarah raises with regard to her subjective allegations. In his R&R, the magistrate judge acknowledged that the ALJ's analysis contained some flaws. For example, the R&R discusses the ALJ's unsupported conclusion that Sarah's termination from a prior job was unrelated to her alleged disabilities even though her allegations suggest she was fired because she was bedridden and unable to work. (R&R 17.) The magistrate judge nonetheless found that the ALJ's decision was supported by substantial evidence. Although the court agrees with the R&R's analysis and conclusion on this point, it will briefly address the objections to the finding of substantial evidence in support of the decision.

First, Sarah contests the magistrate judge's conclusion that the ALJ properly found Sarah's treatment was conservative and routine. She states that "the ALJ did not point to any other treatment plaintiff should have obtained or pursued and did not actually explain how this supports the conclusion that plaintiff's allegations are not fully supported." (Pl.'s Obj. 4.) The ALJ discussed Sarah's longitudinal history, including negative test results for autoimmune

4

conditions despite complaints of Lyme disease, improvement after acute injuries like a left-ankle injury, full range of motion despite complaints of shoulder pain, and other fairly routine treatment. The ALJ concluded that "[t]he longitudinal record is not consistent with [Sarah's] allegations regarding the severity of her symptoms and limitations, and she has not received the type of treatment one would expect for an individual asserting a completely disabling condition." (R. 20–21.) He continued that the record lacked objective evidence of her subjective complaints and noted that she "has not attended physical therapy, and there has been no ongoing treatment by a neurology, pain management, mental health, or infection disease specialist." (*Id.* at 22.) Although this lack of specialized treatment alone does not necessarily contradict Sarah's subjective complaints, it is one example of the contradictory evidence in the record that the ALJ properly weighed in reaching his decision. The court will not reweigh that evidence here.

Similarly, Sarah takes issue with the ALJ's reliance on her receipt of unemployment benefits to reach the conclusion that she was willing "to offer contrary self-serving statements." (*Id.* at 16.) As the magistrate judge discussed in his R&R, the ALJ reasoned that Sarah's

> continuing receipt of unemployment insurance benefits (for which an individual must hold herself out as ready, willing, and able to accept employment if available) is inconsistent with the claimant's allegation that she is disabled under the Social Security Act (for which an individual must hold herself out as being unable to perform any substantial gainful activity).

(*Id.*) But Sarah asserts that she was only able to work part time and was therefore holding herself out as ready, willing, and able to work only at a part-time level, not at a level that would constitute "substantial gainful activity."

The magistrate judge thoroughly addressed this part of the ALJ's decision in the R&R and determined that "[a]lthough Sarah is correct that receipt of unemployment benefits alone does not prove that a claimant can indeed work, the ALJ is nevertheless permitted to consider

5

this factor in evaluating her credibility." (R&R 17.) The magistrate judge found that because this is one of several factors the ALJ considered in his assessment of Sarah's credibility, it was not a reversible error. (R&R 17, 19.) In fact, the magistrate judge noted that the ALJ's primary reason for discounting Sarah's credibility was her "unremarkable treatment" and inconsistent objective records. (*Id.* at 18.) Whether the ALJ properly considered Sarah's receipt of or application for unemployment benefits is of no consequence. Even if that portion of the ALJ's decision was in error, the fact remains that the ALJ "provided valid reasons supported by substantial evidence in finding that Sarah's subjective statements about her symptoms were not fully credible." (*Id.* at 18.)

### III.  CONCLUSION

After a review of the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, this court will overrule Sarah's objections and adopt the magistrate judge's recommendation. The court will therefore grant the Commissioner's motion for summary judgment and deny Sarah's motion for summary judgment.

An appropriate order will be entered.

Entered: August 5, 2020.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge